UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAMONT L. SAPP, | CASE NO. C25-1321-KKE |
| Plaintiff(s), | ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DENYING MOTION FOR DEFAULT JUDGMENT |
| v. | |
| AMAZON.COM, et al., | |
| Defendant(s). | |

Plaintiff Shamont L. Sapp, who is currently in custody at the Jesup Federal Correctional Institute in Jesup, Georgia and proceeds *pro se*, brings unjust enrichment, fraud, and Copyright Act claims, among others, against Defendants Amazon.com ("Amazon") and Barnes & Noble, Inc. ("Barnes & Noble"). Dkt. No. 10 at 3. Pending before the Court are Amazon's Motion to Compel Arbitration (Dkt. No. 22), Sapp's motion to stay (Dkt. No. 26), and Sapp's motion for entry of default judgment (Dkt. Nos. 27, 28). For the reasons below, the Court will grant Amazon's motion to compel arbitration, grant Sapp's motion to stay, and deny Sapp's motion for entry of default judgment.

Amazon previously offered a physical book publishing service to independent publishers through a platform called "CreateSpace." Dkt. No. 22 at 6. Sapp self-published two books using CreateSpace, and subsequently filed this lawsuit alleging that Amazon withheld proceeds from the sales of those books. Dkt. No. 10; Dkt. No. 22 at 6. When Sapp made his CreateSpace account,

ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DENYING MOTION FOR DEFAULT JUDGMENT - 1

he accepted the CreateSpace Member Agreement, including its arbitration provision, which states that "Any dispute or claim relating in any way to this Agreement … will be resolved by binding arbitration." Dkt. No. 23 at 17. Amazon argues the Court should compel arbitration, as Sapp agreed to terms requiring that "[a]ny dispute or claim" be arbitrated. Dkt. No. 22 at 13. Sapp filed no opposition to Amazon's motion to compel. Sapp instead filed a motion to stay the case, in which he states that he "[has] no objection to a stay[] pending the conclusion of arbitration with Defendant Amazon.com." Dkt. No. 26. Sapp additionally notes that, as a practical matter, he is currently unable to litigate this case because he is being transferred to a different facility. *Id.* He predicts that he will be "transported to the new prison" on or around April 30, 2026 to May 15, 2026. *Id.* at 2.

The Federal Arbitration Act ("FAA") makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]" 9 U.S.C. § 2. "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any [appropriate] United States district court … for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Federal courts must rigorously enforce parties' agreements to arbitrate. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345–47 (2011). Arbitration is "a way to resolve … only those disputes … that the parties have agreed to submit to arbitration." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995).

Here, in registering for a CreateSpace account, Sapp agreed to an arbitration provision which broadly covers "[a]ny dispute or claim." Dkt. No. 23 at 17. Moreover, Sapp does not oppose Amazon's motion (and in fact, affirmatively states he has no objection to arbitrating his dispute with Amazon), thereby conceding the motion to compel has merit. *See* Local Rules W.D. Wash. LCR 7(b)(2). As such, the Court will grant both Amazon's motion to compel arbitration

ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DENYING MOTION FOR DEFAULT JUDGMENT - 2

and Sapp's motion to stay Sapp's claims against Amazon until arbitration proceedings are completed.  Dkt. Nos. 22, 26.

Though the FAA requires the Court to stay an action "where [it] is brought by a signatory to an arbitration against another signatory to that agreement," *Ballard v. Corinthian Colls., Inc.*, No. C06-5256 FDB, 2006 WL 2380668, at *2 (W.D. Wash. Aug. 16, 2006), it is within the Court's discretion whether to stay non-arbitrable claims against a non-signatory defendant such as Barnes & Noble.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).  Here, Sapp's claims against Barnes & Noble appear to be wholly separate from his claims against Amazon.  Further, Sapp's motion to stay indicates he wishes to proceed with his claims against Barnes & Noble.  *See* Dkt. Nos. 26, 28.  Accordingly, the Court will stay only Sapp's claims against Amazon, and will exercise its discretion to allow Sapp's claims against Barnes & Noble to proceed.  *Cf. Kater v. Churchill Downs Inc*, C15-612RBL, 2019 WL 3944323, at *2 (W.D. Wash. Aug. 21, 2019) (courts "generally grant" stays "where the plaintiff's claims against a non-signatory defendant are intertwined with their arbitrable claims against another defendant" to prevent duplicative, inefficient litigation).

Finally, the Court DENIES Sapp's motion for entry of default judgment without prejudice.  Dkt. Nos. 27, 28.  The U.S. Marshals Service previously requested, and the Court granted, an extension of time to serve Barnes & Noble with the summons and complaint through April 6, 2026.  As such, Barnes & Noble has not "failed to plead or otherwise defend" at this time.  Fed. R. Civ. P. 55(a).

Sapp's claims against Amazon are STAYED pending the completion of arbitration proceedings.  The parties are ORDERED to file a joint status report within 14 days

ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DENYING MOTION FOR DEFAULT JUDGMENT - 3

of completing arbitration.  The Clerk is DIRECTED to mail a copy of this Order as well as the docket sheet to Sapp.

Dated this 9th day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DENYING MOTION FOR DEFAULT JUDGMENT - 4