UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAMONT L. SAPP,<br><br>Plaintiff(s),<br>v.<br><br>AMAZON.COM, et al.,<br><br>Defendant(s). | CASE NO. C25-1321-KKE<br><br>ORDER DENYING MOTION TO VACATE AND FURTHER DIRECTING THE PARTIES |

This matter comes before the Court on pro se Plaintiff Shamont Sapp's motion to vacate the Court's order granting the motion to compel. Dkt. No. 44. The Court construed this filing as a motion for reconsideration of the Court's order granting the motion to compel, which it issued on April 9, 2026. Dkt. No. 29. The Court directed Defendant to respond to the motion addressing only Sapp's claimed difficulties in initiating arbitration. Dkt. No. 47. Consistent with that order, Defendant filed a response addressing Sapp's attempts to initiate arbitration. Dkt. No. 48. Sapp's motion is now ripe for consideration. For the reasons below, the Court will deny the motion without prejudice but provides additional direction to the parties below.

In his motion, Sapp claims that his arbitration demand to Defendant's registered agent was returned as undeliverable and that he has otherwise not received any response from Amazon regarding the initiation of arbitration proceedings. Dkt. No. 44 at 2–6. In response, Amazon provided a declaration and communications from Sapp and to the AAA seeking additional information regarding Sapp's efforts to initiate arbitration. In the letter provided by Amazon, Sapp asked the AAA to waive the filing fee for his arbitration under an apparent misunderstanding of the Kindle Direct Publishing ("KDP") agreement that governs this dispute. Dkt. No. 49. Sapp claims that the KDP agreement requires that Amazon reimburse his arbitration filing fees up to

$10,000, and therefore asks the AAA to waive his fee "due to my being indigent or wait until Amazon feels like paying it." Dkt. No. 49 at 5. As Amazon points out, the KDP agreement provides that Amazon will reimburse filing, administration, and arbitration fees for "claims totaling less than $10,000." Dkt. 23 at 17. But Sapp seeks over $30,000,000 in this lawsuit, Dkt. No. 10 at 4, and thus this provision does not apply. Under the agreement, payment of the arbitration fees is governed by AAA's rules. Dkt. No. 23 at 17.

Though Sapp has misunderstood the filing fee payment terms, that is not the end of the matter. Contrary to Amazon's response, the KDP agreement does not state that Sapp must directly initiate arbitration with the AAA. Dkt. No. 48 at 2 ("Amazon remains willing to arbitrate Plaintiff's claims, but like all claimants, Plaintiff must first initiate his claim with the arbitrator."). Rather, the agreement states: "To begin an arbitration proceeding, you must send a letter requesting arbitration and describing your claim to our registered agent, Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater WA, 98051." Dkt. No. 23 at 17. The agreement says nothing about what happens after such a demand is sent, and states only that the arbitration will be governed by the AAA rules. *Id.* In his motion, Sapp submitted evidence that he sent such a request to initiate arbitration to Amazon at the address listed in the KDP agreement, and that letter was returned as undeliverable. Dkt. No. 44 at 5. Amazon does not address this fact in its response, stating only that Amazon has not received any communications from Sapp directly. Dkt. No. 48 at 2. The Court is troubled that Sapp appears to have properly invoked the procedure required by Amazon in the KDP agreement only to have his request returned.

While the KDP agreement directs claimants to www.adr.org to locate the AAA rules, Dkt. No. 23 at 17, the Court's review of that website indicates that the site includes more than ten differing sets of rules and supplementary procedures, and it is not obvious which rules would apply

to Sapp's claim.[1] In his letter to the AAA, which was copied to Amazon, Sapp also requested a copy of the AAA rules and a list of arbitrators. *Id.* The Court assumes that Sapp has not received a response, and Amazon was likewise unable to obtain any information from the AAA regarding whether Sapp had been able to initiate arbitration. Dkt. No. 49 at 9. When even Amazon and its counsel cannot obtain information from the AAA, it is unreasonable to expect that Sapp, who is pro se and incarcerated, would succeed in doing so.

Sapp's primary complaint is that Amazon is ignoring Sapp and thwarting the arbitration process. Dkt. No. 44 at 6. In its response, Amazon reiterates its willingness to arbitrate, and the Court accepts Amazon at its word. But because the designated address in the KDP agreement is apparently no longer functional (a fact Amazon does not address), and the applicable AAA rules are inaccessible to Plaintiff nor obvious to the Court, the Court will direct the parties as follows:

1) Instead of sending a demand to Amazon's registered agent to initiate arbitration, Sapp shall send the letter described in Section 15 of the KDP agreement (Dkt. No. 23 at 17) to Amazon's counsel and FILE a copy on the docket. Amazon's counsel shall provide Sapp's demand letter to any appropriate office within Amazon necessary to initiate arbitration proceedings under Section 15 within ten days of the filing of Sapp's letter.
2) Amazon shall send a copy of the applicable AAA rules to Sapp at his address of record and FILE a copy of the applicable rules on the docket. To the extent that Amazon maintains that the AAA rules require Sapp to take additional steps to initiate arbitration that are not listed in Section 15 of the KDP agreement, Amazon shall identify the portions of the AAA rules on which it relies for this position. Amazon shall comply with this portion of this order no later than October 30, 2026.

[1] https://www.adr.org/rules-forms-and-fees/

Sapp's motion to vacate (Dkt. No. 44) is DENIED WITHOUT PREJUDICE.

Dated this 22nd day of October, 2026.

Kymberly K. Evanson
United States District Judge